Slip Op. 16-98

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| FORMER EMPLOYEE OF DRIVE SOL GLOBAL STEERING, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> **UNITED STATES SECRETARY OF LABOR,** <br><br> **Defendant.** | **Before: Claire R. Kelly, Judge** <br><br> **Court No. 15-00172** |

## OPINION AND ORDER

[Denying Defendant's motion to dismiss for lack of subject matter jurisdiction and transferring the action to the United States District Court for the District of Connecticut.]

Dated: October 13, 2016

Steven David Schwinn, of Chicago, IL, for plaintiff.

Antonia Ramos Soares, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With her on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director. Of counsel on the brief was Molly J. Theobald, Office of the Solicitor, U.S. Department of Labor, of Washington, DC.

Kelly, Judge: This matter is before the court on Defendant's motion to dismiss Plaintiff's cause of action pursuant to USCIT Rule 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, pursuant to USCIT Rule 12(b)(6) for failure to state a cause of action. Def.'s Mot. Dismiss, Aug. 24, 2015, ECF No. 9 ("Mot. Dismiss"). Plaintiff brought this action to challenge the failure to disburse all Trade Readjustment Allowance ("TRA") benefits available under §§ 231 through 234 of the Trade Act of 1974, as

amended,[1] 19 U.S.C. § 2291–2294, by the State of Connecticut Department of Labor acting as agent of the U.S. Department of Labor ("Labor") administering the Trade Adjustment Assistance ("TAA") program.[2]  See Summons and Compl. 6, June 6, 2015, ECF No.1–2. ("Compl."); see also Letter Issued by Case Manager Steve Taronji to Pl. Concerning Acceptance of Correspondence for Filing as Summons and Compl., June 24, 2015, ECF No. 3.  Plaintiff also contends Labor failed to properly oversee federal TRA funds on behalf of all workers and that the State of Connecticut misallocated federal funds.[3]  See Compl. 6; see also Letter Issued by Case Manager Steve Taronji to Pl. Concerning Acceptance of Correspondence for Filing as Summons and Compl., June 24, 2015, ECF No. 3.

On August 24, 2015, Defendant moved to dismiss Plaintiff's cause of action.  See Mot. Dismiss.  Plaintiff responds that the court has jurisdiction over his cause of action under 28 U.S.C. § 1581(d)(1) (2012)[4] or, in the alternative, under 28 U.S.C. § 1581(i)(4).[5] Pl.'s Resp. Def.'s Mot. Dismiss 9–13, Dec. 21, 2015, ECF No. 25 ("Resp. Br.").  Plaintiff

---

[1] Further citations to the Trade Act of 1974, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2006 edition unless otherwise indicated.

[2] Plaintiff is an individual who is a former employee of Drive Sol Global Steering, Inc.

[3] The TAA program offers certain benefits to a U.S. firm's workers involved in the production of an article who lose their jobs or whose jobs are threatened by either increased imports or where a shift abroad of production or services "contributed importantly" to the layoffs.  See 19 U.S.C. § 2272(a).  The benefits provided to displaced workers who qualify for such benefits include income support in the form of a TRA, employment and case management services, job training, job search, and relocation allowances.  See 19 U.S.C. §§ 2291–2298.

[4] Further citations are to the relevant provisions of Title 28 of the U.S. Code, 2012 edition.

[5] The court notes that Plaintiff alleges jurisdiction under 28 U.S.C. § 1581(i) and jurisdiction under 28 U.S.C. § 1581(d) only in the alternative.  See Pl.'s Resp. Def.'s Mot. Dismiss 9–13, Dec. 21, 2015, ECF No. 25; Pl.'s Sur-Reply to Def.'s Reply Supp. Mot. Dismiss 13–14, Aug 22, 2016, ECF No. 38.

also argues that he has stated a claim for relief. Resp. Br. 7–8; Pl.'s Sur-Reply to Def.'s

Reply Supp. Mot. Dismiss 13–14, Aug 22, 2016, ECF No. 38 ("Pl.'s Sur-Reply").

Defendant filed its reply brief on February 5, 2016. Def.'s Reply Supp. Mot. Dismiss, Feb.

5, 2016, ECF No. 28 ("Def.'s Reply Br."). On July 28, 2016, the court granted Plaintiff's

motion for leave to file a sur-reply, <u>see</u> Order, July 28, 2016, ECF No. 37, and Plaintiff

filed his sur-reply on August 22, 2016. <u>See</u> Pl.'s Sur-Reply. On September 12, 2016, the

court ordered the parties to file supplemental briefs addressing the appropriateness of

transfer under 28 U.S.C. § 1631 if the Court lacks subject matter jurisdiction. Scheduling

Order, Sep. 12, 2016, ECF No. 40; <u>see also</u> Letter filed by the Court, Sept. 12, 2016, ECF

No. 39. Briefing concluded on September 26, 2016, when the parties filed supplemental

briefs on the issue of transfer. <u>See</u> Def.'s Suppl. Br., Sept. 26, 2016, ECF No. 41 ("Def.'s

Suppl. Br."); Pl.'s Suppl. Br. Appropriateness of Transfer Pursuant to 28 U.S.C. § 1631,

Sept. 26, 2016, ECF No. 42 ("Pl.'s Suppl. Br."). For the reasons that follow, the Court

lacks subject matter jurisdiction over Plaintiff's cause of action, but the court transfers the

action to the United States District Court for the District of Connecticut.

<u>**BACKGROUND**</u>

Plaintiff is a former employee of Drive Sol Global Steering, Inc. ("Drive Sol"),

Compl. 9, 15, who is a member of the worker group certified by Labor as eligible to receive

Worker Adjustment Assistance and Alternative Trade Adjustment Assistance. <u>See</u> <u>Notice</u>

<u>of Determinations Regarding Eligibility to Apply for Worker Adjustment Assistance and</u>

<u>Alternative Trade Adjustment Assistance</u>, 73 Fed. Reg. 9,834, 9,835 (Dep't Labor Feb.

22, 2008). On February 13, 2009, Drive Sol advised Plaintiff that it planned to shut down

its entire plant located in Watertown, Connecticut.  Compl. 15.  The same notice informed

Plaintiff Drive Sol would permanently lay him off as of approximately June 1, 2009.  Id.

Plaintiff alleges that he applied for TRA benefits.  Compl. 1,18.  Plaintiff further

alleges that, on April 17, 2009, the State of Connecticut Department of Labor ("CT Labor")

affirmatively determined he was eligible to apply for TAA benefits, including basic weekly

TRA benefits in the amount of $474.00 per week for the period from March 29, 2009

through March 26, 2011.[6]  Compl. 9, 16–18. Plaintiff alleges CT Labor subsequently

reversed course and denied him benefits because he failed to meet the state of

Connecticut's "work search" requirement for unemployment benefit eligibility.  Compl. 13–

14, 23–24.

Plaintiff alleges he appealed CT Labor's determination to the Connecticut

Employment Security Appeals Division Board of Review and then to the Connecticut

Superior Court.  Compl. 10–11.  Plaintiff alleges both bodies affirmed CT Labor's

determination.  Complaint 10–11.  Plaintiff alleges he continued to pursue his claims

through various channels, including through CT Labor, the Office of the Attorney General

of the State of Connecticut, the Governor of the State of Connecticut, the Office of the

United States Attorney for the District of Connecticut, and his representatives in both

houses of Congress.  Compl. 1, 3, 6, 13–14, 20–26.

---

[6] Section 2311 of Title 19 of the U.S. Code authorizes Labor to enter into an agreement with any state or state agency to allow that cooperating state agency to act as agent of the United States to process applications and distribute benefits to affected workers covered under TAA programs and to make determinations as to the eligibility for TAA benefits of individual workers, including cash income support benefits under the TRA program.  See 19 U.S.C. § 2311(a).  Defendant concedes CT Labor administers the program in Connecticut as an agent for Labor.  Reply Br. 7.

On January 2, 2014, Plaintiff contacted Labor's Regional Trade Coordinator for the Employment and Training Administration to further pursue his claims to TRA benefits. Compl. 24–25.  On January 5, 2014, after a representative of the United States Attorney for the District of Connecticut referred the matter to Labor's Office of the Solicitor for guidance, Labor's Regional Trade Coordinator advised Plaintiff that the Employment and Training Administration has direct oversight over the TRA program and that CT Labor's decisions in administering the program are subject to review by Labor.  Comp. 23–24.  Labor further advised Plaintiff that it believed CT Labor had erroneously denied his application on grounds that he was required to seek or accept employment to be eligible for TRA benefits under Connecticut state law.  Compl. 23–24.  Lastly, Labor advised Plaintiff that it contacted CT Labor to provide instructions, and Labor stated that CT Labor would "seek administrative or other avenues to reverse [its] prior decision."  Compl. 24.

The Office of the United States Attorney for the District of Connecticut advised Plaintiff that Labor had discussed the errors with CT Labor and that CT Labor worked with the Connecticut Attorney General's office to set aside the Connecticut Superior Court's decision affirming the denial of his individual TRA benefits.  Compl. 14.  Plaintiff's complaint includes a letter from the Office of the United States Attorney for the District of Connecticut indicating that CT Labor subsequently filed a motion to set aside and vacate the judgment of the Connecticut Superior Court in Plaintiff's state court action and that this motion was granted on January 10, 2014 by the Connecticut Superior Court.  Compl. 14.  Plaintiff does not contest that CT Labor filed a motion to vacate its judgment or that

such a motion was granted by the Connecticut Superior Court in its response or in his sur-reply.

Plaintiff initiated this action challenging CT Labor's actions, as agent of Labor, depriving him of his full TRA benefits in violation of federal law and Labor's mismanagement and misapplication of the TAA program.   Compl. 2; Resp. Br. 18. Plaintiff alleges that the errors committed by CT Labor in administering the TAA program, and by Labor in overseeing that administration, caused the following harms: (1) full TRA benefits were not paid "while [he] was in the TRA program"; (2) the delayed payment of full TRA benefits forced Plaintiff to use personal savings to meet travel expenses to attend job retraining programs for which he should have received TAA benefits; (3) Plaintiff incurred penalties in accessing personal savings in an individual retirement account; (4) Plaintiff incurred administrative expenses, travel expenses, and court fees in pursuing his claims for benefits; and (5) Plaintiff suffered increased tax liability because certain TAA benefits that should have been disbursed in 2011 were actually disbursed in 2013. Compl. 2–3.

Plaintiff acknowledges that he did receive at least some benefits.   Compl. 5. Nonetheless, Plaintiff seeks two forms of relief: "fix [his] issue and fix the problem for the others that have been harmed."   Compl. 6.   Defendant moved to dismiss pursuant to

USCIT Rule 12(b)(1) for lack of jurisdiction, or, in the alternative, pursuant to USCIT Rule

12(b)(6) for failure to state a cause of action.[7]  Mot. Dismiss.

## STANDARD OF REVIEW

The party seeking the Court's jurisdiction has the burden of establishing that

jurisdiction exists.  See Norsk Hydro Canada, Inc. v. United States, 472 F.3d 1347, 1355

(Fed. Cir. 2006).  Moreover, "[w]here, as here, claims depend upon a waiver of sovereign

immunity, a jurisdictional statute is to be strictly construed."  Celta Agencies, Inc. v. United

States, 36 CIT __, __, 865 F. Supp. 2d 1348, 1352 (2012) (citing United States v.

Williams, 514 U.S. 527, 531 (1995)).

In deciding a motion to dismiss for failure to state a claim upon which relief can be

granted, pursuant to USCIT Rule 12(b)(6), the court assumes all factual allegations in the

complaint to be true and draws all reasonable inferences in favor of the plaintiff.  Cedars-

Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1584 n.13 (Fed. Cir. 1993) (citations omitted);

Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991) (citations omitted).

## DISCUSSION

**I.  The Court's Jurisdiction**

The jurisdictional limits of this Court are explicitly set forth in the statute.  See 28

U.S.C. § 1581.  The Court "'operates within precise and narrow jurisdictional limits' and

'cannot exercise jurisdiction over actions not addressed by a specific jurisdictional grant.'"

---

[7] When faced with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), a court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first.  See Bell v. Hood, 327 U.S. 678, 682 (1945) (holding that whether a complaint states a cause of action should be decided before a court assumes jurisdiction).

Sioux Honey Ass'n v. Hartford Fire Ins. Co., 672 F.3d 1041, 1051 (Fed. Cir. 2012) (quoting

Trayco, Inc. v. United States, 994 F.2d 832, 836 (Fed. Cir. 1993)).  For the reasons that

follow, the court lacks jurisdiction over Plaintiff's claims under either 28 U.S.C.

§§1581(d)(1) or (i)(4).[8]

### A.  The Court Lacks Jurisdiction under 28 U.S.C. § 1581(d)(1)[9]

Defendant argues that Plaintiff's challenges are to CT Labor's denial of his

individual TRA benefits and CT Labor's mismanagement of federal funds earmarked for

the TRA funding.  Mot. Dismiss 8; Reply Br. 4.  Defendant argues that 28 U.S.C.

§ 1581(d)(1) limits the Court's jurisdiction to reviewing Labor's certification of worker

groups, not the payment of benefits to individual workers.  Reply Br. 5.  Plaintiff counters

that the Court has jurisdiction under 28 U.S.C. § 1581(d)(1) because the denial of

individual benefits by CT Labor is the functional equivalent of Labor denying certification

to the worker group.  Resp. Br. 12.  The Court lacks jurisdiction over Plaintiff's claims

under 28 U.S.C. § 1581(d)(1) because the Court's jurisdictional statute limits review to

---

[8] Since the Court lacks subject matter jurisdiction, Defendant's motion to dismiss for failure to state a claim is moot.  Therefore, the court does not address the merits of Defendant's latter grounds for dismissal.

[9] The court reviews whether it has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1581(d) before addressing jurisdiction under § 1581(i) because it has been consistently held that jurisdiction under § 1581(i) may not be invoked if jurisdiction under another subsection is or could have been available, unless the other subsection is shown to be manifestly inadequate.  See, e.g., Chemsol, LLC v. United States, 755 F.3d 1345, 1349 (Fed. Cir. 2014), Norman G. Jensen, Inc. v. United States, 687 F.3d 1325, 1329 (Fed. Cir. 2012), Int'l Custom Prods., Inc. v. United States, 467 F.3d 1324, 1327 (Fed. Cir. 2006), Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987), cert. denied, 484 U.S. 1041 (1988).  Section 1581(i) will not confer jurisdiction when a litigant has access to the Court on an enumerated basis.  See Am. Air Parcel Forwarding Co. v. United States, 718 F.2d 1546, 1549 (Fed. Cir. 1983).  In such circumstances, a litigant must proceed on the available avenue for review on an enumerated jurisdictional basis, complying with all the relevant prerequisites, before invoking jurisdiction under § 1581(i).  See id.

group certifications by Labor under 19 U.S.C. § 2273.  28 U.S.C. § 1581(d)(1).  Eligibility

for TRA benefits of an individual member of a group that has been certified is a separate

act from certification of a worker group, and that act is not reviewable under § 1581(d)(1).

The Court's jurisdictional statute does not grant jurisdiction to review all

determinations made relating to the TAA program.   Former Employees of Quality

Fabricating, Inc. v. United States, 448 F.3d 1351, 1355 (Fed. Cir. 2006); see also 28

U.S.C. § 1581(d)(1).  Section 1581(d)(1) of Title 28 provides:

> (d) The Court of International Trade shall have exclusive jurisdiction
> of any civil action commenced to review--
>
> > (1) any final determination of the Secretary of Labor under [19
> > U.S.C. § 2273] with respect to the eligibility of workers for
> > adjustment assistance under such Act.

28 U.S.C. § 1581(d)(1).  Section 2273 of Title 19 authorizes Labor to determine to certify

a group of workers for TAA benefits if the group meets the requirements of 19 U.S.C.

§ 2272.[10]  19 U.S.C. § 2273.  The Court has exclusive jurisdiction to review Labor's final

group certification determinations.  19 U.S.C. §§ 2395(a), (c); 28 U.S.C. § 1581(d)(1).

---

[10] Under the statute, Labor shall certify a group of workers as qualified to apply for adjustment
assistance if it determines that:

> (1) a significant number or proportion of the workers in such workers' firm, or an
> appropriate subdivision of the firm, have become totally or partially separated,
> or are threatened to become totally or partially separated; and
>
> (2)(A)(i)  the sales or production, or both of such firm have decreased absolutely;
>
> > (ii)     imports of articles like or directly competitive with articles produced  by
> > such firm or subdivision have increased; and
> >
> > (iii)   the increase in imports described in clause (ii) contributed importantly to
> > such workers' separation or threat of separation and to the decline in
> > sales    or    production    of    such    firm    or    subdivision;    or

(footnote continued)

In contrast, state courts have exclusive jurisdiction over claims challenging the

application of federal guidelines determining the amount of benefits individual employees

may be entitled to.  See 19 U.S.C. § 2311(e).  If Labor certifies a group of workers, those

workers meeting individual eligibility standards may apply for and receive TRA benefits.[11]

19 U.S.C. §§ 2291–2294.  Although Labor has sole authority to certify a group of workers,

the statute authorizes Labor to enter into an agreement with the states to allow state

agencies to perform the task of making individual eligibility determinations for such

---

   (B)(i)    there has been a shift in production by such workers' firm or subdivision
                to a foreign country of articles like or directly competitive with articles
                which are produced by such firm or subdivision; and

     (ii)(I)  the country to which the workers' firm has shifted production of the
                articles is a party to a free trade agreement with the United States;

       (II)  and the country to which the workers' firm has shifted production of
                the articles is a beneficiary country under the Andean Trade
                Preference Act, African Growth and Opportunity Act, or the Caribbean
                Basin Economic Recovery Act; or

      (III) there has been or is likely to be an increase in imports of articles that
                are like or directly competitive with articles which are or were produced
                by such firm or subdivision.

19 U.S.C. § 2272(a) (2006 & Suppl. II).

[11] Generally, payment of TRA benefits is made to an adversely affected worker covered by a Labor certification under 19 U.S.C. § 2273 who files an application for an allowance for any week of unemployment beginning on or after the date of certification of the worker group if the worker: (1) was laid off within the specified date range of the certification and applies for benefits within the time prescribed in the § 2273 certification by Labor; (2) meets certain terms of employment during the period specified in the § 2273 certification; (3) has exhausted rights to unemployment insurance for which he or she was entitled to, subject to certain conditions; (4) would not be disqualified for extended unemployment compensation; and (5) is enrolled in an approved training program, subject to certain conditions.  See 19 U.S.C. § 2291(a)(1)–(5).

     As Plaintiff's complaint does not make clear when CT Labor made its determination resulting in the denial of TRA benefits, see Compl. 13–14, it is unclear whether the amendments to 19 U.S.C. § 2291(a)(5) made by the American Recovery and Reinvestment Act of 2009 controlled CT Labor's individual eligibility determination.  See American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, § 1821, 123 Stat 115 (2009); 19 U.S.C. § 2291(a)(5)(A) (Suppl. III 2006) (effective May 18, 2009).  In any event, the amendments are irrelevant to the court's discussion of 19 U.S.C. § 2291(a).

benefits.[12]  19 U.S.C. § 2311(a).  Neither party disputes that Labor has actually entered

into such agreements with the State of Connecticut through CT Labor.[13]  A determination

by a cooperating state agency with regard to individual entitlement to benefits is

reviewable "in the same manner and to the same extent as determinations under the

applicable State law and only in that manner and to that extent."  19 U.S.C. § 2311(e).

Section 2311(e) vests state courts with exclusive jurisdiction over claims challenging a

state agency's application of federal guidelines to the benefit claims of individual

employees.  See Int'l Union, United Auto., Aerospace and Agric. Implement Workers of

Am. v. Brock, 477 U.S. 274, 285 (1986) (construing identical language in what was then

19 U.S.C. § 2311(d) as vesting state courts with exclusive jurisdiction over claims

challenging a state agency's application of federal guidelines to the benefit claims of

individual employees); see also 19 U.S.C. § 2311(e).

Plaintiff's complaint does not challenge any aspect of certification, but rather

challenges his individual eligibility determination for TRA benefits.[14]  Nothing in 28 U.S.C.

---

[12] The Trade Act of 1974 establishes a suite of benefits programs available to workers, which are collectively known as TAA.  See generally 19 U.S.C. §§ 2291–2298.  These benefits include a program of income support functioning as a supplement to state unemployment insurance benefits called TRA, see 19 U.S.C. §§ 2291–2294, as well as employment and case management services, training, job search allowances, and relocation allowances.  See 19 U.S.C. §§ 2295–2298.

[13] CT Labor acts as an agent of Labor, and it must cooperate with Labor and any other state and federal agencies in providing payments and services under TAA.  19 U.S.C. § 2311(a).

[14] The court recognizes that Plaintiff seeks not just monetary relief for CT Labor's negative individual eligibility determination, but declaratory judgment that CT Labor is operating the TAA program in contravention of federal law and that Labor is failing to properly oversee CT Labor. See Compl. 6.  However, the determination Plaintiff alleges caused him harm is the erroneous individual eligibility determination, not the Labor's group certification determination.  See Compl. 1–6.

§ 1581(d)(1) grants the Court authority to review the eligibility determinations of individual workers, which are made under 19 U.S.C. § 2291.  See 28 U.S.C. § 1581(d)(1).  Former employees of Drive Sol who became separated from the company on or after November 29, 2006 were certified by Labor for TAA benefits.   See Notice of Determinations Regarding Eligibility to Apply for Worker Adjustment Assistance and Alternative Trade Adjustment Assistance, 73 Fed. Reg. 9,834, 9,835 (Dep't Labor Feb. 22, 2008).  Although initially Plaintiff was deemed eligible by CT Labor for TRA benefits, Plaintiff alleges CT Labor eventually denied his application for failure to meet its work search requirement. See Compl. 9, 16–18; Resp. Br. 12.

Plaintiff argues that the Court has jurisdiction over his claim under 28 U.S.C. § 1581(d)(1) because CT Labor's denial of the full amount of TRA benefits to any individual worker is the "functional equivalent of denying certification to the worker group in the first place."  Resp. Br. 12.[15]  However, CT Labor's denial of TRA benefits to Plaintiff was not tantamount to a decertification of the entire class of former employees of Drive Sol because Plaintiff, and other Drive Sol employees, still qualify for employment and case management services, job training, job search, and relocation allowances under TAA.

Plaintiff contends that Congress cannot have limited this Court's review to group certification determinations because otherwise Plaintiff would lack any avenue for review.

---

[15] Plaintiff suggests that individual eligibility is merely a "rubber stamping" function that requires no fact-specific application of statutory standards.  Resp. Br. 11.  However, the detailed statutory standards for determining individual worker eligibility, which are entirely distinct from those for group certification, refute this argument.  See 19 U.S.C. §§ 2273(a), 2291(a).

Id. at 12–13.  However, any claim that CT Labor misapplied the guidelines to deny Plaintiff

individual TRA benefits is reviewable in state court.[16]  See 19 U.S.C. § 2311(e).  To the

extent Plaintiff has a claim that the CT Labor misapplied the eligibility requirements as to

all the former employees of Drive Sol in contravention of federal law, then he may pursue

that challenge in federal district court.[17]  See e.g., Hampe v. Butler, 364 F.3d 90, 93–94

(3d Cir. 2004).

### B.  The Court Lacks Jurisdiction Under 28 U.S.C. § 1581(i)(4)

Defendant argues the Court lacks jurisdiction over Plaintiff's claim under 28 U.S.C.

§ 1581(i)(4) because Plaintiff challenges CT Labor's actions relating to his individual

eligibility for TRA benefits and its mismanagement of TRA funding.    Reply Br. 9.

Defendant argues the Court's residual jurisdiction does not expand the jurisdiction of the

Court beyond claims concerning Labor's administration and enforcement of worker group

certifications.    Id. at 10.   Plaintiff responds that Plaintiff's claim falls within the

administration and enforcement of § 1581(d)(1) because CT Labor's determination

---

[16] The court expresses no opinion on the viability of Plaintiff's cause of action in either federal court or in state court to pursue either his own unpaid benefits or for a claim that Labor and/or CT Labor acted contrary to federal law in denying him and other potentially eligible Drive Sol workers TRA benefits.  Likewise, the court does not reach the question of whether Plaintiff may have an implied right of action under the Trade Act of 1974 because this Court's jurisdictional statute does not confer jurisdiction over such a cause of action.  See Resp. Br. 13–15; see also 28 U.S.C. § 1581.  As this Court's statutory jurisdiction is strictly limited, any implied right of action under 19 U.S.C. § 2291 would not fall within its jurisdiction.  See 28 U.S.C. §§ 1581(d)(1), (i)(4).

[17] Plaintiff argues his claim is not challenging his individual benefit determination, but rather CT Labor's the violations of federal law by CT Labor by implementing work search requirement where the federal statute has no such requirement and Labor's failure to properly oversee the program. Resp. Br. 16–17.  This Court also lacks jurisdiction over such a claim, but the court addresses this argument in its discussion of jurisdiction under 28 U.S.C. § 1581(i)(4).

violated federal law and contravened Labor's administration and enforcement of its

certification determination.  Resp. Br. 9–10; Pl.'s Sur-Reply 2–11.

Title 28 of U.S.C. § 1581(i) provides the Court with residual jurisdiction to the

specific grants of jurisdiction outlined in subsections (a)–(h) of § 1581.  <u>See</u> 28 U.S.C.

§ 1581.  Section 1581(i) provides that

> [i]n addition to the jurisdiction conferred upon the Court of International
> Trade by subsections (a)–(h) of this section . . . , the Court of International
> Trade shall have exclusive jurisdiction of any civil action commenced
> against the United States, its agencies, or its officers, that arises out of any
> law of the United States providing for . . . (4) administration and enforcement
> with respect to matters referred to in . . . subsections (a)-(h) of this section.

28 U.S.C. § 1581(i)(4).  However, the Court's residual jurisdiction is

> "not [intended] to create any new causes of action not founded on other
> provisions of law.
>
> The purpose of this broad jurisdictional grant is to eliminate the confusion
> which currently exists as to the demarcation between the jurisdiction of the
> district courts and the Court of International Trade."

<u>Nat'l Corn Growers Ass'n v. Baker</u>, 840 F.2d 1547, 1557 (Fed. Cir. 1988) (quoting H.R.

No. 1235, 96th Cong., 2d Sess., at 47, <u>reprinted in</u> 1980 Code Cong. & Admin. News

3729, 3759)).    The Court's jurisdictional statute must be strictly construed, <u>Celta</u>

<u>Agencies</u>, 36 CIT at __, 865 F. Supp. 2d at 1352 (citing <u>United States v. Williams</u>, 514

U.S. at 531), and § 1581(i)(4) explicitly limits the Court's review to Labor's administration

and enforcement of matters referred to in § 1581(d)(1).  <u>See</u> 28 U.S.C. §§ 1581(d)(1),

(i)(4).    Since determinations under § 1581(d)(1) are limited to group certification

determinations made by Labor under 19 U.S.C. § 2273, the Court's jurisdiction under

§ 1581(i)(4) is limited to review of determinations made in the administration and

enforcement of those group certification decisions.[18]  See 28 U.S.C. § 1581(d)(1), (i)(4);

Quality Fabricating, 448 F.3d at 1355.

Here, as already discussed, Plaintiff's challenge is to the administration and

enforcement of CT Labor's determination of his individual eligibility for TRA benefits and

to Labor's oversight of those determinations, not to the certification of the group of former

employees of Drive Sol.  Therefore, Plaintiff's challenge is actually to the administration

and enforcement of 19 U.S.C. § 2291, which is not a matter within the Court's jurisdiction.

See 28 U.S.C. §§ 1581(d)(1), (i)(4).  For this reason, this Court lacks jurisdiction to review

Plaintiff's claim under its residual jurisdiction.

Plaintiff argues that he is not challenging the state's determination with respect to

his entitlement to TRA benefits, but rather Labor's failure to administer and enforce of its

group certification because CT Labor's work search requirement contravenes federal law,

which contains no such requirement.  Resp. Br. 15–17.  The work search requirement is

---

[18] Plaintiff asserts that reading the Court's jurisdictional statute as limiting its review to claims concerning Labor's administration and enforcement of worker group certifications under 19 U.S.C. § 2273 would render 28 U.S.C. § 1581(i)(4) redundant with 28 U.S.C. § 1581(d)(1).  Pl.'s Sur-Reply 7–8.  As an initial matter, §1581(i)(4) gives the Court jurisdiction over a civil action against the United States or its agencies arising out of any federal law providing for the administration and enforcement of §§ 1581(a)-(h).  The force of the cannon against surplusage is diminished where the interpretation would not render another part of the same statutory scheme superfluous. See Marx v. General Revenue Corp., 133 S.Ct. 1166, 1178 (2013).  Even if interpreting § 1581(i)(4) to limit the Court's judicial review to administration and enforcement of certification determinations rendered that provision superfluous for § 1581(d)(1) claims, it would have the same effect for any action challenging a determination arising out of any federal law providing for the administration and enforcement with respect to matters referred to in the other subsections of § 1581.  See 28 U.S.C. § 1581(a)–(c), (d)(2)-(4), (e)–(h).

It would be inappropriate for the court to hypothesize about scenarios where a plaintiff could bring a claim under 28 U.S.C. § 1581(i)(4) that would not involve precisely the review of certification determinations under 28 U.S.C. § 1581(d)(1).  Here, as already discussed, Plaintiff's claim challenges the administration and enforcement of 19 U.S.C. § 2291, not 19 U.S.C. § 2273.

an individual requirement which Labor concedes violates federal law.  Plaintiff does not dispute that Labor took steps to correct CT Labor's erroneous application of the work search requirement.

Plaintiff argues that the program is being operated in contravention of a federal statute can be brought in federal court.  Id. (citing Brock, 477 U.S. at 285; Hampe v. Butler, 364 F.3d 90, 93–94 (3d Cir. 2004)).  However, neither case cited by Plaintiff opined on this Court's jurisdiction to hear such a challenge because neither case originated in this Court.  See Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. Brock, 568 F. Supp. 1047, 1050 n. 4 (D.D.C. 1983) (plaintiff initially asserted subject matter jurisdiction under 28 U.S.C. § 1331 in United States District Court for the District of Columbia challenging Labor's interpretation of the meaning of the statutory employment requirement for TRA benefit eligibility as contrary to federal law) overruled by Brock, 477 U.S. at 285; Hampe, 364 F.3d at 95 (plaintiff initially asserted subject matter jurisdiction under 28 U.S.C. § 1331 in United States District Court for the Western District of Pennsylvania challenging the Pennsylvania Department of Labor & Industry's determination denying individual dislocated workers' claims for training and travel benefits under 19 U.S.C. § 2297).  Any such challenge does not fall within the specific jurisdictional grant in 28 U.S.C. § 1581.

Plaintiff argues that 19 U.S.C. § 2311(e) does not divest the Court of jurisdiction because Plaintiff is not challenging his individual eligibility for TRA benefits, but rather the violations of federal law by Labor and CT Labor.  Resp. Br. 16.  Plaintiff argues that his claim is actually that the program is being operated in contravention of a federal statute,

which he argues is not barred from federal court review.  Id.  Even if § 2311(e) does not divest federal courts of jurisdiction to review individual entitlement determinations entirely, Plaintiff's claim would not be reviewable by this Court under the plain terms of 28 U.S.C. § 1581(d)(1), which explicitly limits this Court's review to Labor's group certification determinations under 19 U.S.C. § 2273(a).  See 28 U.S.C. § 1581(d)(1); 19 U.S.C. § 2273(a).  Therefore CT Labor's denial of TRA benefits to Plaintiff and Labor's oversight of that denial as it may violate 19 U.S.C. § 2291 may be reviewable in federal court, see e.g., Hampe, 364 F.3d at 93–94, but such a determination is not reviewable in this Court.[19] See 28 U.S.C. §§ 1581(d)(1), (i)(4).

## II. Transfer Under 28 U.S.C. § 1631

Although this Court lacks jurisdiction to review a claim as challenging Labor and CT Labor's operation of the TRA benefit program in contravention of federal law, Plaintiff argues that his claim is not barred from review in federal district court.[20]  See Resp. Br. 16 (citing Hampe, 364 F.3d at 93–94).  Plaintiff argues that, if the court finds it lacks subject matter jurisdiction, transfer under 28 U.S.C. § 1631 is appropriate and required

---

[19] Plaintiff also argues that he states individual claims against Labor because Labor failed to provide complete resolution to his individual benefit claims even after it intervened with CT Labor. See Pl.'s Sur-Reply 3–5.  However, any such claims against Labor would also be enforcing individual rights under 19 U.S.C. § 2291, not rights to group certification under 19 U.S.C. § 2273. See 19 U.S.C. §§ 2273, 2291.  Likewise, Plaintiff's claims that theories of agency make Labor responsible for actions by CT Labor, see Pl.'s Sur-Reply 5–6, do not give this Court's jurisdiction because, even if Labor is responsible for actions taken by CT Labor, those actions would be taken in the administration and enforcement of § 2291, not § 2273.  See 19 U.S.C. §§ 2273, 2291; 28 U.S.C. §§ 1581(d)(1), (i)(4).

[20] Since neither party addressed the issue of whether Plaintiff's claim should be transferred to another federal district court in the event this Court lacks jurisdiction, the court ordered both parties to address the appropriateness of transfer to a federal district court under 28 U.S.C. § 1631.  See Scheduling Order, Sept. 12, 2016, ECF No. 40.

because Plaintiff could have brought his case in another federal court.  See Pl.'s Suppl. Br. 3–6.  In addition, Plaintiff argues that such transfer is in the interests of justice because Plaintiff brought his cause of action in good faith, his claim is not frivolous, and transfer would expedite the resolution of his claim.  Id. at 6–7.  Defendant responds that transfer is not appropriate because Plaintiff's claim is a challenge to the denial of his individual benefits, and such claims may only be brought in state court under 19 U.S.C. § 2311(e). Def.'s Suppl. Br. 4–7.  Defendant argues that, because no federal court possesses jurisdiction over Plaintiff's claim, 28 U.S.C. § 1631 does not authorize transfer.  Id. at 7 (citing McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 428 (Fed. Cir 1983)).

When a civil action is filed and the court in which that action is filed lacks jurisdiction,

> the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in. . . the court from which it is transferred.

28 U.S.C. § 1631.  Courts, for purposes of § 1631 are defined as including "the courts of appeals and district courts of the United States, . . . the United States Court of Federal Claims, and the Court of International Trade."  28 U.S.C. § 610.

Defendant argues that the Supreme Court's holding in Brock, 477 U.S. at 285, bars Plaintiff from bringing his suit in federal court because suits challenging a state agency's application of federal guidelines to benefit claims of individual employees is limited to state court.  See Def.'s Suppl. Br. 4.  However, Plaintiff alleges that the TRA program is being operated in contravention of a federal statute, which can be brought in federal court.

Compl. 1 (alleging "State . . . still fail[s] to grasp the TRA law"; and "The State of Connecticut as the agent of the U.S. DOL processed and promoted [a] TRA training program in 2008"), 2 (alleging Plaintiff is "seeking a fair resolution of the improper management of the TRA program"), 3 (alleging Plaintiff is "requesting the U.S. Court of International Trade to embrace a broad jurisdictional oversight to address the . . . many participants harmed by the improper TRA management by the State of Connecticut"); Resp. Br. 15–17 (citing Brock, 477 U.S. at 285; Hampe, 364 F.3d at 93–94 (3d Cir. 2004)). In Hampe, plaintiffs, dislocated workers under the TAA program, alleged that the state implemented a requirement that any worker in the program commuting more than 50 miles away sign waivers agreeing to accept only $5 per day for commuting expenses, and plaintiff's alleged Labor endorsed this policy. See Hampe, 364 F.3d at 92. The Court of Appeals for the Third Circuit held that, "while the District Court . . . could not hear requests for individual eligibility determinations, it did have jurisdiction to hear a challenge to [Labor's] approval of [the state labor agency's] negotiated waiver policy. Under the teachings of [Brock], [p]laintiff's could therefore sue for an order declaring the . . . policy violated the Trade Act [of 1974]." Id. at 95. Although this decision is not binding on the court, Defendant points to no authority for the notion that Plaintiff's claim that Labor and CT Labor are operating the TRA program in contravention of state law is barred from review in federal court. Therefore, the interests of justice favor transfer of Plaintiff's claim because it will facilitate a prompt hearing of Plaintiff's claim in a court that arguably has jurisdiction to hear that claim.

Defendant argues Plaintiff's claim may not be transferred to a state agency, and Defendant implies that Labor's regulation covering its agreements with state agencies to administer the TAA program requires review in a state agency, not a federal court.  Def.'s Supp. Br. 6–7 (citing 20 C.F.R. § 617.59(f) (2009); <u>Schafer v. Dep't of Interior</u>, 88 F.3d 981, 987 (Fed. Cir 1996)).  Labor's regulation provides that Labor will not make a finding that a state agency has not fulfilled its commitments under its agreement to administer TAA until it has provided notice and opportunity for a hearing to the state or state agency. 20 C.F.R. § 617.59 (2009).  Nothing in this regulation requiring review in the event of the breach of these agreements between Labor and the states implies that a state agency's operation of the federal program, as Labor's agent in contravention of federal law, is not reviewable in federal court.  <u>See</u> 20 C.F.R. § 617.59.  Thus, neither Labor's regulation nor any other authority bars Plaintiff from bringing his claim in federal district court.  If Defendant has any other defenses to Plaintiff's claim, those defenses can be adjudicated by the district court.

## <u>CONCLUSION</u>

In deciding this Court lacks jurisdiction, the court does not opine on the merits of Plaintiff's claims in other fora.  The court, as it seems does Labor as well as numerous officials from both the state of Connecticut and the federal government, regrets the administrative hurdles that Plaintiff has been forced to confront and laments the significant burden that those obstacles have caused him.  Plaintiff's complaint details what can only be described as a frustrating, if not maddening, morass of mistakes and misunderstandings.  He encountered undue cost and aggravation pursuing benefits that

were meant to aid him in a time of need.   The court has studied the Plaintiff's correspondence and documentation of his efforts to obtain what was due to him and is awed by Plaintiff's perseverance, professionalism and, frankly, patience.   Given that the Plaintiff spent years battling several state agencies and courts in his pursuit of his own cause and the admirable cause of sparing others his aggravation and hardship, it is with great reluctance that this Court must turn him away.   As a coequal branch of government, the judiciary may not expand Congress's explicit grant of jurisdiction no matter how noble the cause.   However, the court transfers Plaintiff's cause of action to the United States District Court for the District of Connecticut.   Given the seriousness of the errors that Plaintiff alleges were committed by CT Labor in adjudicating his claims, the interests of justice favor adjudicating Plaintiff's claims on the merits in a court that may possess jurisdiction over Plaintiff's action.   Moreover, given the significant delays Plaintiff encountered, the interest of justice would be more served by a prompt hearing of these claim rather than awaiting the filing of a new action.

Therefore, in accordance with the foregoing, it is hereby

**ORDERED** that Plaintiff's motion is denied; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1631, the above-captioned action is transferred to the United States District Court for the District of Connecticut.


                                                               /s/ Claire R. Kelly
                                                              Claire R. Kelly. Judge


Dated: October 13, 2016
          New York, New York